IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROBERT D. CONNELLY, *et al.*,
    *Plaintiffs*,

v.

DAYSTAR BUILDERS, INC., *et al.*,
    *Defendants*

Civil Action No.
24-cv-00712-ABA

**MEMORANDUM OPINION**

This lawsuit arises out of a workplace accident involving Plaintiff Robert D. Connelly ("Mr. Connelly" or "Plaintiff") while he was working for A & M Fire Protection, LLC ("A&M"), which was a subcontractor of Defendant Daystar Builders, Inc. ("Daystar"), on a project renovating the LaVale Library in La Vale, Maryland. The accident resulted in serious and permanent injuries to Mr. Connelly. Plaintiff recovered a workers' compensation award from A&M, which held a workers' compensation insurance policy with Erie Insurance Company ("Erie"). Plaintiff then brought this action, in this court, against Daystar, seeking to recover additional damages based on negligence and strict liability claims. ECF No. 1 ("Compl.") ¶¶ 21–45; ECF No. 24 ("Am. Compl.") ¶ 37. Plaintiff later filed an amended complaint adding additional parties, including co-plaintiff Erie (together with Mr. Connelly, "Plaintiffs"); that amended complaint was accompanied by Plaintiffs' Motion to Dismiss Without Prejudice, which stated that Plaintiffs sought to refile in state court. ECF No. 21. Daystar, for its part, believed that the action was properly filed in federal court (and that it had a right for the case to be adjudicated in federal court based on diversity jurisdiction), but that the complaint did not state a claim on which relief can be granted. Thus, while agreeing with Plaintiffs that the complaint should be dismissed, Daystar has sought dismissal with prejudice. ECF No. 27.

1

For the reasons stated below, this Court has subject matter jurisdiction based on diversity of citizenship and thus will deny Plaintiffs' motion to dismiss. On the merits, Plaintiffs have not stated a claim on which relief can be granted. Mr. Connelly is unable to recover in tort from Daystar because Daystar was a "principal contractor," Md. Code Ann., Lab. & Empl. § 9-508, also known as his "statutory employer," *see, e.g.*, *Hancock v. Mayor & City Council of Baltimore*, 480 Md. 588, 614 n.6 (2022), and workers' compensation is an exclusive remedy under Maryland law. And Erie, as subrogee of Mr. Connelly, is unable to seek reimbursement from Daystar for the medical and indemnity payments it made to Mr. Connelly; although an employee may pursue workers' compensation benefits from a statutory employer where benefits were unavailable through the employee's direct employer (or its insurer), the statutory employer provisions of Maryland's workers' compensation laws do not entitle a direct employer (or its insurer) to shift the burden of workers' compensation to a statutory employer. Accordingly, the Court will grant Daystar's motion to dismiss Counts 1, 2, 3, and 4 of the amended complaint with prejudice.

## BACKGROUND[1]

On July 19, 2021, Mr. Connelly was working as an employee of A&M. Am. Compl. ¶ 9. Defendant Daystar had hired A&M as a subcontractor to install galvanized pipes as part of a project renovating the LaVale Library, a public library in Allegany County. *Id.* ¶¶ 2, 11, 15. While walking in the attic area at the worksite, Mr. Connelly fell between the rafters and dropped about twenty feet before landing on concrete. *Id.* ¶ 21. Mr. Connelly sustained significant and permanent injuries, including a spinal fracture resulting in paralysis from the waist down. *Id.* ¶ 22.

---

[1] In considering a motion to dismiss under Rule 12(b)(6), the Court must "accept as true all of the factual allegations contained in the complaint[.]" *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016).

Mr. Connelly initially sought compensation from A&M, his employer. That claim was approved, and resulted in payment by Erie (on A&M's behalf) of workers' compensation benefits totaling approximately $1,050,000 to date. Am. Compl. ¶ 37.

Mr. Connelly then filed the complaint in this case, against Daystar, seeking recovery for negligence and strict liability, as well as punitive damages. Compl. ¶¶ 21–45. He alleges that Daystar failed to provide a safe and hazard-free worksite, citing the absence of adequate hoists, lifts, ladders, and other supplies to reduce the risks of injury or death. *Id.* ¶¶ 22–23, 30. Daystar filed a motion to dismiss the complaint for failure to state a claim. ECF No. 10. Soon thereafter, Mr. Connelly filed an amended complaint, adding Erie Insurance Company as an additional plaintiff and Allegany County as an additional defendant. Am. Compl. ¶¶ 4–5.[2] Plaintiffs also filed their motion seeking dismissal of the case without prejudice so they could refile in state court. ECF No. 21. Daystar opposed Plaintiffs' motion, arguing the case should remain in federal court based on diversity jurisdiction, ECF Nos. 28, 34, and subsequently moved to dismiss the amended complaint. ECF No. 27.

## STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When a defendant asserts that, even assuming the truth of the alleged facts, the complaint fails "to state a claim upon which relief can be granted," the defendant may move to dismiss the complaint. Fed. R. Civ. P. 12(b)(6). As noted above, in considering such a motion, the Court "must accept as true all of the factual allegations contained

---

[2] It appears that Defendant Allegany County has not received service of process and, therefore, has not been party to any of these filings.

in the complaint and draw all reasonable inferences in favor of the plaintiff." *King*, 825 F.3d at 212.

A motion to dismiss for lack of subject matter jurisdiction can take two forms: first, based on a failure to allege facts upon which subject matter jurisdiction can be based and second, based on a contention that the jurisdictional information in the complaint is not true. *See Adams v. Bain*, 697 F.2d 1213, 1219 (1982). Under the former circumstances, the Court assumes all the facts alleged in the complaint are true, similar to a Rule 12(b)(6) analysis. *Id.* In the latter circumstances, the Court may "go beyond the allegations of the complaint" to determine if there are facts supporting the jurisdictional allegations. *Id.*

## DISCUSSION

This case presents in an unusual posture: All parties request dismissal of Plaintiffs' complaint. The dispute is whether dismissal should be (1) without prejudice based on an absence of federal subject matter jurisdiction, as Plaintiffs seek, or (2) with prejudice based on Daystar's contention that Plaintiffs have not stated a claim, and cannot state a claim, on which relief can be granted because Daystar is a statutory employer within the meaning of Maryland workers' compensation law. The Court first addresses jurisdiction, and then, because the Court concludes it has jurisdiction, turns to the merits.

### A. Diversity Jurisdiction

Mr. Connelly is a citizen of West Virginia. Am. Compl. ¶ 1. Daystar is a corporation based in Maryland. *Id.* at ¶ 3. Thus, when this case was originally filed—as *Connelly v. Daystar Builders, Inc.*—there undisputedly was diversity of citizenship. Because Mr. Connelly sought more than $75,000 in damages, the Court had subject matter jurisdiction pursuant to 28 U.S.C. § 1332. But Mr. Connelly has now joined Erie Insurance Company as a co-plaintiff. *Id.* at ¶ 4. The question

4

presented is whether Erie is a citizen of Maryland, as Plaintiffs contend—a conclusion that would defeat diversity given Daystar's Maryland citizenship—or of Pennsylvania, as Daystar contends.

In their amended complaint, Plaintiffs listed a Maryland address for Erie Insurance Company and, in their motion to dismiss, call Erie a "Maryland[-]based workers' compensation carrier[.]" *Id.* at 1; ECF No. 21 ¶ 1. After the Court requested further information on Erie's citizenship, to be able to determine whether diversity jurisdiction exists, ECF No. 33, Daystar submitted evidence showing that Erie Insurance Company's state of incorporation is Pennsylvania and its principal place of business is in Pennsylvania as well. ECF No. 34 at 1; ECF No. 34-1 at 1–2.[3] Plaintiffs—including Erie—have not submitted any contrary evidence.

Under 28 U.S.C. § 1332(a), a district court has original jurisdiction over civil actions where the parties are citizens of different states and the matter in controversy exceeds $75,000. Plaintiff Erie Insurance Company is undisputedly a corporation. *See* ECF No. 34-1. For purposes of diversity jurisdiction, a corporation is deemed a citizen of the state where it is incorporated and the state where its principal place of business is located. 28 U.S.C. § 1332(c)(1). To determine a corporation's principal place of business, the Court applies a "nerve center" test; it identifies the singular place "where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010). Typically, a corporation's "nerve center" is its headquarters. *Id.* at 81.

As noted above, Erie Insurance Company is incorporated in Pennsylvania. ECF No. 35 ¶ 6. Its headquarters is located in Erie, Pennsylvania. *Id.* Plaintiffs state that subsidiaries and/or

---

[3] Because this Court allowed the parties to submit additional information on the issue of subject matter jurisdiction, the Court will "go beyond the allegations of the complaint" to determine if there are facts supporting the allegations pertinent to subject matter jurisdiction. *See Adams*, 697 F.2d at 1219.

affiliates of Erie Insurance Company have a "significant presence" in Maryland,[4] including "a major corporate presence" in Silver Spring, Maryland, and a "major presence" in Hagerstown, Maryland for claims adjudication, and more. *Id.* These facts, however, are not enough to establish that Erie Insurance Company's officers "direct, control, and coordinate" the company's activities from a location in Maryland, rather than from the company's headquarters in Erie, Pennsylvania. *See Hertz Corp.*, 559 U.S. at 92–93. This Court finds that, under the nerve center test, Erie Insurance Company's principal place of business is Erie, Pennsylvania. Therefore, Erie Insurance Company is a citizen of Pennsylvania and there is complete diversity between the parties.

Plaintiffs separately suggest that the Court should consider the citizenship of Erie Insurance Company's policyholders in determining the company's citizenship. ECF No. 38 ¶ 2. The citizenship of policyholders can become relevant when determining the citizenship of a reciprocal insurance exchange. *See James G. Davis Constr. Corp. v. Erie Ins. Exch.*, 953 F. Supp. 2d 607, 610 (D. Md. 2013) (holding that a reciprocal insurance exchange's "members" includes its policyholders for the purposes of determining diversity of citizenship). A reciprocal insurance exchange is "an unincorporated business organization of a special character in which the participants, called subscribers (or underwriters) are both insurers and insureds." *Erie Ins. Exch. v. Electrolux Home Prods., Inc.*, 3:10cv615, 2011 WL 2945814, at *1 (W.D.N.C. July 15, 2011) (quoting *Themis Lodging Corp. v. Erie Ins. Exch.*, 1:10 CV 00003, 2010 WL 2817251, at *1 (N.D. Ohio July 16, 2010)).

There is, however, nothing before this Court to establish that Erie Insurance Company—the entity that Plaintiffs (including Erie) joined as a plaintiff, and the entity that allegedly incurred

---

[4] Plaintiffs' Supplemental Brief states that "Erie Insurance Group and Erie Insurance Property and Casualty Insurance Company have significant presence in the state of Maryland." ECF No. 35 ¶ 6. The Court notes that neither entity is a party in this case.

the over $1 million indemnification obligation for which it seeks reimbursement from Daystar, *see* ECF No. 31 at 7—is a reciprocal insurance exchange. Plaintiffs cite an opinion addressing reciprocal insurance exchanges and then offer the conclusory statement that "Erie Insurance Company bears the citizenship of its members, meaning its policyholders." ECF No. 38 ¶¶ 1–2 (citing *Erie Ins. Exch. v. Potomac Elec. & Power Co.*, Case No. 14-cv-485-DKC, 2014 WL 1757949 (D. Md. April 29, 2014)). But the case Plaintiffs rely on was brought by Erie Insurance *Exchange*. That entity may very well be a reciprocal insurance exchange. But Erie Insurance *Company* is the entity the citizenship of which is at issue here. And that entity is a Pennsylvania corporation based in Erie, Pennsylvania.

Because there is complete diversity of citizenship between the parties, the Court's jurisdiction is proper under 28 U.S.C. § 1332(a)(1) and, accordingly, the Court will deny Plaintiffs' motion to dismiss.

### B. Plaintiffs' Claims Against Daystar

Mr. Connelly asserts two causes of action against Daystar—negligence (count 1) and strict liability (count 3)—as well as a standalone claim for punitive damages (count 4). Erie asserts a separate claim against Daystar as subrogee of Mr. Connelly (count 3), seeking to recover from Daystar the approximately $1,050,000 in "indemnity and medical benefits" it has paid thus far in connection with Mr. Connelly's claim on behalf of its insured, A&M.[5] Daystar contends that it was Mr. Connelly's "statutory employer" at the time of the accident and, therefore, he may not recover in tort against Daystar because his recovery is limited to a workers' compensation claim. With respect to Erie's attempt to recover from Daystar the workers' compensation payments it has

---

[5] The other causes of action in the amended complaint are asserted against Allegany County, which, as noted above, Plaintiffs have not served and thus are not at issue.

made to Mr. Connelly, Daystar argues that as a subrogee of Mr. Connelly, Erie is limited to the same defenses that Daystar has against Mr. Connelly, and in any event, as the insurer of Mr. Connelly's direct employer, Erie is not entitled to shift the cost of the workers' compensation benefits to Daystar. The Court will address each of these issues in turn.

### 1. Mr. Connelly's Tort Claims

Under Maryland law, an employer's exclusive liability for an employee's accidental personal injury is workers' compensation. Md. Code Ann., Lab. & Empl. § 9-509 ("Except as otherwise provided in this title, the compensation provided under th[e workers' compensation] title to a covered employee . . . is in place of any right of action against any person."). Therefore, if Daystar qualifies as Mr. Connelly's "employer" within the meaning of the workers' compensation law, § 9-509 would preclude Mr. Connelly's claims against Daystar.

Certain primary contractors are liable for workers' compensation for certain employees whom they do not directly employ; in such situations, the contractor is deemed a "statutory employer," even if the employer would not qualify as an employer under common law standards. *See Hancock v. Mayor & City Council of Baltimore*, 480 Md. 588, 614 n.6 (2022) ("[S]ome principals who hire independent contractors are deemed by law to be 'statutory employers' for purposes of the workers' compensation laws."). An entity qualifies as a "statutory employer" when it was "(1) a principal contractor[;] (2) who has contracted to perform work[;] (3) which is a part of his trade, business or occupation; and (4) who has contracted with any other party as a subcontractor for the execution by or under the subcontractor of the whole or any part of such work." *Weakland v. United States*, 287 F. Supp. 2d 611, 614 (D. Md. 2003) (citing *Honaker v. W.C. & A.N. Miller Dev. Co.*, 278 Md. 453, 460 (1976)); *see also* Md. Code Ann., Lab. & Empl. § 9-508(a).

Accepting as true all factual allegations in Plaintiffs' amended complaint, *King*, 825 F.3d at 212, Daystar is Mr. Connelly's statutory employer under § 9-508. Daystar contracted to perform work for the LaVale Library renovation project. Am. Compl. ¶¶ 11, 13. This renovation work was part of the company's "trade, business, or occupation[,]" and Plaintiffs do not assert anything to the contrary. Daystar acted as a principal contractor,[6] "engaged in obtaining subcontractors" to complete the requirements of the contract. Am. Compl. ¶ 12. Finally, Daystar contracted with A&M as a subcontractor to install galvanized pipes required to bring the building up to code, which

---

[6] The Court does not credit Mr. Connelly's argument attempting to distinguish a "general contractor" from a "principal contractor" under the statute. *See* ECF No. 31, ¶¶ 1–2; ECF No. 31-1 at 4. Courts have made no such distinction in past cases regarding this statute. *See, e.g.*, *Para v. Richards Group of Washington Ltd. Partnership*, 339 Md. 241, 257 (1995) ("We see nothing in the language of § 9–508 which would be inconsistent with providing a general contractor statutory employer status as long as a principal contract exists at the time of the injury in question."). Plaintiff cites six cases for the proposition that a "general contractor is not the same as a principal contractor" and that "statutory employer status" does not extend to a "general contractor." ECF No. 31-1 at 4 (citing *Honaker v. W.C. & A.N. Miller Development Co.*, 285 Md. 216 (1979); *Kegley v. Vulcan Rail & Constr. Co.*, 203 Md. 476 (1954); *Lathroum v. Potomac Elec. Power Co., Inc.*, 309 Md. 445 (1987); *Great Atl. & Pac. Tea Co., Inc. v. Imbraguglio*, 346 Md. 573 (1997); *Henderson v. Dresser Indus., Inc.*, 674 F. Supp. 519 (D. Md. 1987); *Matthews v. United States*, 825 F.2d 35 (4th Cir. 1987)). The bases on which these cases were decided vary. *See, e.g.*, *Lathroum*, 309 Md. at 451 (determining that PEPCO did not qualify as a statutory employer because "PEPCO's alleged contractual relationship with the public" is not a principal contract with a third party, and thus it is not a "principal contractor" under the statute); *Great Atl. & Pac. Tea Co., Inc.*, 346 Md. at 596–99 (affirming the denial of summary judgment on the issue of whether a company was the injured employee's statutory employer because there was insufficient evidence to conclude as a matter of law that a principal-subcontractor relationship existed between the company and the employee's direct employer). None of them, however, rely on any distinction between a "general contractor" and a "principal contractor." In fact, the Fourth Circuit opinion that Plaintiffs cite confirms that the statutory employer portion of the statute can apply to "general contractors." *See Matthews*, 825 F.2d at 36 ("The statutory employer concept, which is a feature of most workers' compensation statutes, is designed to prevent the unfairness which would occur *when a general contractor subcontracts* a major portion of its work to various subcontractors who are financially irresponsible and who do not carry workers' compensation insurance.") (emphasis added).

was part of Daystar's contractual obligation as part of the library renovations. *Id.* at ¶ 14-15. Daystar thus qualified as Mr. Connelly's statutory employer under § 9-508.

An employer's exclusive liability to an injured employee under Maryland law is compensation under Title 9 of the Labor and Employment Article. *See* Md. Code Ann., Lab. & Empl. § 9-509. Under this statute, Mr. Connelly is barred from bringing claims for negligence, strict liability, and punitive damages against his employer, including his statutory employer, Daystar. The Court must therefore dismiss Counts 1, 3 and 4 of the amended complaint, which are Mr. Connelly's direct claims against Daystar. *See* Fed. R. Civ. P. 12(b)(6).

2. **Erie Insurance Company's Claim Seeking Reimbursement for Workers' Compensation Benefits It Has Paid**

In Count 2 of the Amended Complaint, Erie seeks reimbursement from Daystar of the payments it has made to Mr. Connelly on A&M's behalf. Am. Compl. at 9. Erie alleges that, having "provided a policy of insurance for Workers' Compensation Protection to Robert Connelly's direct employer A & M Fire Protection, LLC" and having paid approximately $1,050,000 in indemnity and medical benefits "as a result of the injuries sustained by Robert Connelly on July 19, 2021[,]" it "subrogates and stands in the shoes of Robert Connelly" to recoup the indemnity and medical payments it made to Mr. Connelly. Am Compl. ¶¶ 37, 38.

Count 2 fails to state a claim on which relief can be granted because Daystar was Mr. Connelly's statutory employer. If Mr. Connelly had been unable to recover workers' compensation benefits from A&M or Erie, he could have pursued a claim for those benefits from Daystar. *See* Md. Code Ann., Lab. & Empl. § 9-508(a); *see also, e.g.*, *Elms v. Renewal by Andersen*, 439 Md. 381, 403 (2014) (explaining that § 9–508 "operates to make a principal contractor liable when an employee is unable (apparently for whatever reason) to recover from his direct employer, the subcontractor"). But Erie has not identified any basis, statutory or otherwise, by which a direct

employer (or its insurer) may shift the burden of workers' compensation benefits to a statutory employer. Erie states that it seeks to recover monies paid under § 9-901, which allows an employee to recover "[w]hen a person *other than an employer* is liable for the injury[.]" Md. Code Ann., Lab. & Empl. § 9-901 (emphasis added). *See* Am. Compl. ¶ 38. But Daystar *is* Mr. Connelly's statutory employer, and thus § 9-901 would not have provided a basis for a claim by Mr. Connelly against Daystar, and there is no basis for Erie as subrogee to proceed against Daystar under § 9-901 either. *See Selective Way Ins. Co. v. Fireman's Fund Ins. Co.*, 257 Md. App 1, 44 (2023) ("[A] subrogated insurer 'has no greater rights than the insured and is subject to the same defenses assertable against the insured.'") (citation omitted).

Because Erie Insurance Company has failed to state a claim for which relief can be granted, Fed. R. Civ. P. 12(b)(6), the Court will grant Daystar's motion to dismiss Count 2 of the amended complaint with prejudice.

## CONCLUSION

For the foregoing reasons, the Court will deny Plaintiffs' motion to dismiss (ECF No. 21) and grant Daystar's motion to dismiss Counts 1, 2, 3, and 4 of the amended complaint with prejudice (ECF No. 27). The Court will also dismiss as moot Daystar's motion to dismiss the original complaint (ECF 10). An appropriate order follows.


Date:   October 21, 2024                            /s/
                                                    Adam B. Abelson
                                                    United States District Judge